KRISTEN J. NESBIT, SBN 242426
knesbit@fisherphillips.com
ANET DRAPALSKI, SBN 282086
adrapalski@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
IT'S JUST LUNCH HOLDINGS, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE - PALM SPRINGS COURT

| | |
|---|---|
| RICARDO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>IT'S JUST LUNCH HOLDINGS, LLC, a Nevada corporation; ERIN THOMAS, an individual; RACHEL WILSON, an individual and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.:  PSC1908218<br>*[Unlimited Jurisdiction]*<br><br>**DEFENDANT IT'S JUST LUNCH HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>*Assigned for all purposes to the Honorable David M. Chapman, Dept. PS2*<br><br>Complaint Filed: November 12, 2019<br>Trial Date:         No Date Set |

COMES NOW Defendant IT'S JUST LUNCH HOLDINGS, LLC ("Defendant"), on behalf of itself and for no other Defendant, and hereby answers the Unverified Complaint for Damages ("Complaint") filed by Plaintiff RICARDO RODRIGUEZ ("Plaintiff"), as follows:

**ANSWER**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.  Furthermore, Defendant specifically denies that Plaintiff has suffered any injury, damage, or loss of any kind or in any sum whatsoever, by reason of any alleged act(s), breach(es), or omission(s) of Defendant, its employees, agents or anyone else acting on its behalf.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: Code of Civil Procedure sections 335.1, 338 subdivision (a), and 340, subdivision (a), California Government Code sections 12960 and 12965, California Labor Code sections 203 and 226, and Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

3. Any recovery on Plaintiff's Complaint, or any causes of action contained therein, is barred in that this Court lacks jurisdiction over such claims because Plaintiff failed to perfect a right of action and/or exhaust administrative remedies prior to commencing this civil action as required by the applicable law including, without limitation, the California Fair Employment and Housing Act ("the FEHA") and/or failed to exhaust internal grievance procedures.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

## FIFTH AFFIRMATIVE DEFENSE

5. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

///

**SEVENTH AFFIRMATIVE DEFENSE**

7. By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9. The acts of the other named Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with this answering Defendant and without the knowledge or consent of this answering Defendant and this answering Defendant may not be held liable therefor.

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred because his perception of conduct alleged to constitute harassment was not reasonable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claim for failure to prevent discrimination, harassment, and/or retaliation is barred, and/or any recovery of damages is precluded insofar as Plaintiff cannot establish his underlying predicate claims. *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff failed to act in good faith toward and deal fairly with Defendant so as to not to deprive Defendant of or injure Defendant's right to receive the benefits of any employment relationship between Plaintiff and Defendant. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the bad faith of Plaintiff in performing his job duties and in dealing with Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff did not exercise ordinary care on his own behalf, and his own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim for failure to pay overtime is barred the extent that if he did work any overtime, which Defendant denies, such work was unauthorized by Defendant and performed without Defendant's knowledge.

### NINETEENTH AFFIRMATIVE DEFENSE

19. At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claim for alleged violation of *Labor Code* section 203 is barred because Defendant did not willfully withhold wages over which there was no good faith dispute. To the contrary, Defendant acted at all times with the good faith belief that Plaintiff was fully

compensated by Defendant as required by law and was not owed any wages or other remuneration at the time of his separation from employment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claim for alleged violation of Labor Code section 226 is barred because Defendant at all times acted with the good faith belief that Defendant was in compliance with the requirements of the Labor Code, including section 226, and therefore Defendants did not knowingly and intentionally fail to comply with Labor Code section 226 or any statute or regulation of similar effect.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claim predicated on an alleged violation of Labor Code section 226 is barred because Plaintiff was not injured by Defendant's alleged failure to comply with *Labor Code* section 226(a), or any statute of similar effect.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's claim that he was unlawfully denied his meal periods is barred to the extent he voluntarily relinquished or waived his known right to enjoy such meal periods or, alternatively, there existed exigent circumstances which prohibited a meal period from being taken.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims that he is owed unpaid wages, penalties, and/or other compensation based on an alleged failure to pay for all hours worked lacks merit to the extent that off-the clock work performed by Plaintiff was not authorized, suffered, or permitted by Defendant and/or was performed without the knowledge and/or control of Defendant, within the meaning of Section 2(G) of the applicable Wage Order, and/or as set forth by applicable law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff is not entitled to injunctive or restitutionary relief in this action because any alleged injury is neither immediate nor irreparable and Plaintiff has an adequate legal remedy.

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Defendant is informed and believes, and based on that information and belief alleges, that any finding of liability pursuant to California *Business & Professions Code* § 17200, et seq., would violate Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. The Complaint, and each and every cause of action therein, fails to the extent that even if Plaintiff was not paid for all work performed, such work is not compensable and any alleged underpayment of wages to Plaintiff was *de minimis*.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff's wage claims are barred by the doctrine of accord and satisfaction because Plaintiff was properly and fully compensated for all work performed for Defendant, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, allegedly owed by Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

///

**RESERVATION OF RIGHTS**

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by his Complaint for damages;
2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and
4. That the Court award such other and further relief as it deems appropriate.

DATE:  April 15, 2020

FISHER & PHILLIPS LLP

By: _____
KRISTEN J. NESBIT
ANET DRAPALSKI
Attorneys for Defendant
IT'S JUST LUNCH HOLDINGS, LLC

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On April 14, 2020, I served the foregoing document entitled **DEFENDANT IT'S JUST LUNCH HOLDINGS, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

K. Kevin Levian                                *Attorneys for Plaintiff*
Levian Law                                     RICARDO RODRIGUEZ
1875 Century Park East, Suite 1025
Los Angeles, California 90067                  Tel: (310) 227-7577
                                               Fax: (310) 277-7377
                                               Email: kl@levianlaw.com

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed above.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Express Network, whose business address is 1605 W. Olympic Boulevard, Suite 800, Los Angeles, CA 90015.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 14, 2020, at Los Angeles, California.

MELODY BIGLAY                By: *[signature]*
Print Name                        Signature

# eSubmit – Document Submission Portal
## Delivery Confirmation

| Submission ID | Date Received |
|---|---|
| 10252942 | 4/14/2020 4:24:13 PM |

| First Name | Middle Name | Last Name |
|---|---|---|
| Anet | | Drapalski |

| Street Address | City | State | Zip |
|---|---|---|---|
| 444 South Flower Street, Suite 1500 | Los Angeles | CA | 90071 |

| Phone Number | Fax Number | Company / Agency |
|---|---|---|
| (213) 330-4500 | | ASAP Legal, LLC |

| Email Address |
|---|
| legal@asaplegal.com |

| New Case | Case Number | Case Type | Court Location |
|---|---|---|---|
| No | PSC1908218 | Civil | Palm Springs |

| Fee Waiver or Other Exemption |
|---|
| None |

| Filing as an Attorney | Bar Number | Attorney for |
|---|---|---|
| No | | |

**Documents**

| | |
|---|---|
| 1 | Complaint, petition, answer or other first paper in unlimited civil case (amount over $25,000) |

**Notes / Special Instructions**

**IMPORTANT:** This document serves as a confirmation of delivery only and the submitted documents have not yet been processed and/or filed by the Superior Court of California, County of Riverside.

Page **1** of **1**