UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00797 PA (SPx) | Date | April 16, 2020 |
|---|---|---|---|
| Title | Ricardo Rodriguez v. Its Just Lunch Holdings, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Its Just Lunch Holdings, LLC ("Removing Defendant"). (Dkt. 1 ("Removal").) The Notice alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at ¶1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Removing Defendant contends the Court has diversity jurisdiction over this action, but has failed to present any citizenship allegations regarding the two other named defendants in this action, Erin Thomas and Rachel Wilson. (Removal ¶16.) According to Removing Defendant, "Wilson and Thomas have not been served in this matter. Drapalski Decl., ¶ 5. Given that Wilson and Thomas have never been served in this action, it is not necessary to show their citizenship." (Id.) This is plainly incorrect because Removing Defendant must establish complete diversity of the parties pursuant to 28 U.S.C. § 1332.

"There are multiple Ninth Circuit cases on point stating that in diversity jurisdiction cases, non-served, non-diverse defendants should be considered by the court to prevent gamesmanship by

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00797 PA (SPx) | Date | April 16, 2020 |
|---|---|---|---|
| Title | Ricardo Rodriguez v. Its Just Lunch Holdings, LLC et al. | | |

defendants." Martinez v. Siemens Indus., 2015 U.S. Dist. LEXIS 95041, *6-7 (E.D. Cal. July 17, 2015) (collecting cases); see also Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"). Here, it appears that the non-served Defendants and Plaintiff may all be citizens of California, which would prevent this Court from exercising subject matter jurisdiction over this action. See Compl. ¶¶1, 3 (alleging that Wilson, Thomas, and Plaintiff are all California residents); see also Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) ("numerous courts treat a person's residence as prima facie evidence of the person's domicile.") (collecting cases). The fact that Wilson and Thomas were not served does not destroy their non-diverse status. Compare Vogel v. Dollar Tree Stores, Inc., 2008 U.S. Dist. LEXIS 2801, at *7 (E.D. Cal. Jan. 11, 2008) ("Where federal jurisdiction is predicated on diversity of citizenship, neither §§ 1441(a) and 1332 nor existing precedent allow this court to superficially find diversity by ignoring the citizenship of unserved defendants.").

For these reasons, the Court finds the Removing Defendant has failed to satisfy its burden in establishing complete diversity of the parties. Therefore, this Court does not have subject matter jurisdiction over Plaintiff's claims. This action is hereby remanded to the Superior Court of California for the County of Riverside, Case No. PSC1908218, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.